143

(No. 76-CC-0418-

CLARENCE HOUSTON, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 19, 1977.*

PHILLIP A. MONTALVO, Attorney for Claimant

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POCH, J.

Neither party in this case filed briefs with the Court.

The Claimant in this action asked for money damages that resulted from injuries he received while a patient at Alton State Hospital, Alton, Illinois.

On or about February 10, 1975, Clarence Houston was admitted as a patient at the Alton State Hospital, Alton, Illinois, and was being treated for an alcoholic condition in a section of the Alton State Hospital known as Linden Cottage. At the time of admission the Claimant was 52 years of age and unemployed. Special damages were not pleaded in the Complaint.

On February 13, 1975, Claimant was severely beaten and injured by John Cook, a fellow patient at Linden Cottage. After receiving medical treatment at the Emergency Room for the injuries received, petitioner was once again returned to Linden Cottage, against his will, where he was placed on a cot, under sedation.

At approximately 4:15 a.m. on the morning of February 14, 1975, Claimant was once again attacked and

severely beaten and injured by the same patient, John Cook.

Claimant alleges that the employees, agents, supervisory personnel and staff of the Alton State Hospital negligently failed to provide adequate surveillance, supervision and security to protect petitioner from attacks by other patients and to insure his safety and well-being, in spite of the fact that he had already been attacked once on the evening in question, thus putting said employees, agents, supervisory personnel and staff on notice of the hostile and violent propensitites of the patient, John Cook.

This Court has long held that it is the duty of Respondent to exercise reasonable care in restraining and controlling dangerous insane persons committed to its custody, so that they will not have the opportunity to inflict a foreseeable injury upon others. *Hazel Rubinson, Executrix v. State of Illinois, 25 Ill.Ct.Cl. 67 at page 74. Callbeck v. State of Illinois, 22 Ill.Ct.Cl. 722.* To recover for his injury, therefore, Claimant must prove Respondent breached their duty owed him; that he was free of contributory negligence; and that Respondent's breach was the proximate cause of his injury.

From the testimony it is not clear what steps were taken to secure the patient, John Cook, and prevent him from further assaulting the Claimant in this case. There were indications that certain measures were taken to secure the patient, John Cook, but that he had freed himself from these security measures. There was indication in the testimony also that there was insufficient staff to control the situation. This testimony was offered primarily by a mental health technician.

The Court finds that sufficient testimony was

presented to show that there was insufficient staff on the grounds and that improper methods of controlling the patients were utilized.

There are also clear indications from the testimony presented that the Claimant himself followed a course of conduct that very likely played some factor in provoking the conduct of the patient John Cook. The testimony indicated that Claimant on numerous occasions had made racial comments and slurs against the black patients in the different wards. The Claimant's assailant, John Cook, was a black man. The Claimant's conduct in degrading the black individuals in the hospital was insufficient as a contributing factor to his eventual assault to bar recovery.

The Court finds that the Claimant has carried his burden of proof in showing that Respondent was negligent in failing to fulfill its standard of care to the Claimant and the conduct of the Claimant was not a sufficient factor to eventual assault by John Cook to bar recovery.

From the evidence in this case there has been no permanent injury established.

Consequently, we hold that the Claimant is entitled under the law to recover damages in this action. In view of the injuries that the Claimant sustained, the Court believes that $2,500.00 is a fair and just award.

It is ordered that the Claim should be and is hereby allowed in the sum of $2,500.00.